UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CARLINE CURRY, | ) | CASE NO. 1:12 CV 2745 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| MARTIN BERGER, <u>et</u> <u>al</u>., | ) | |
| | ) | |
| Defendants. | ) | |


<u>Pro</u> <u>se</u> plaintiff Carline Curry filed the above-captioned action against Martin Berger/ President of Invention Submission Corporation (ISC), Technosystems, Douglas Mackenzie, IntroMark and Universal Finance Corporation.[1] While Ms. Curry states "[S]pecific laws and regulations will be sighted [sic] at a future date," she does insert "Breach of Contract" and negligence as potential claims she is asserting against the defendants. Ms. Curry seeks $50,000,000.00 for the first ten years of lost profits and an additional $50,000,000.00 in lost profits if her patent is not processed.

*Background*

Ms. Curry asserts that the actions giving rise to this complaint occurred in Mansfield, Ohio, where she resides. With the exception of patent attorney Douglas Mackenzie, all of the defendants

---

[1] Although Ms. Curry identifies the company as "Techno Systems," all documents and attachments indicate the company's proper name is "Technosystems." This fact is also true regarding the proper spelling of "MacKenzie or McKenzie," which should be: "Mackenzie."

appear to be located in Pittsburgh, Pennsylvania.[2]

There are very few relevant facts alleged in the complaint. Ms. Curry does claim that the defendants negligently failed to process her patent. Agents at ISC allegedly advised her that it should not have taken more than two years to obtain a patent. Ms. Curry seeks this court's "evaluation" of the defendants' actions to "acknowledge" their alleged misconduct regarding the processing of her patent.

A Final Order from the Director of the United States Patent and Trademark Office (USPTO), dated October 12, 2011, is attached to the complaint. The Order was issued in a disciplinary action filed against Douglas Mackenzie in the USPTO. See In re Mackenzie, No. D2010-27. The Order included a Settlement Agreement to satisfy the requirements of 37 C.F.R. § 11.26, and to resolve the disciplinary action arising from stipulated facts in the Agreement. These facts included Mr. Mackenzie's failure to immediately withdraw his representation of Ms. Curry before the USPTO after she filed a lawsuit against him in the United States District Court for the Northern District of Ohio. See Curry v. Invention Submission, et al., No. 1:05cv3000 (N.D. Ohio filed Dec. 30, 2005)(Aldrich, J.) Instead, as the Director noted, Mr. Mackenzie did not file a Request to Withdraw as Attorney for Ms. Curry's "'032 application" until February 28, 2008. This was well after Ms. Curry's '032 application became abandoned by operation of law for failing to file a timely response to the USPTO's March 15, 2006 action. The USPO then mailed a Notice of Abandonment, dated April 12, 2007.

Ms. Curry also attaches a letter, dated May 4, 2006, she received from ISC's Compliance Director Nora Miller. The letter also enclosed a proposed settlement agreement asking Ms. Curry to dismiss the 1:05cv3000 lawsuit against Martin Berger, ISC, Intromark, Universal Finance, Technosystems, and Douglas Mackenzie, with prejudice, in exchange for a "$27,356.79 refund." (Letter from Miller to Curry of 5/4/06.) The agreement attached to the letter is unsigned.

---

[2]The address Ms. Curry provides for Mr. MacKenzie is a post office box located in Mt. View, California. No address is provided for Universal Finance.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Res Judicata*

Admittedly, this is the second complaint Ms. Curry has filed in this court against Martin Berger, Technosystems, and Douglas Mackenzie. See Curry, No.1:05cv3000. The first complaint alleged these defendants "were negligent and incompetent in filing [Ms. Curry's] . . . patent application in . . . good faith . . . and [in a] timely manner." Id. (Doc. No. 1, at 2.) She sought "50 Million for the first ten years of lost profits (1995 to 2005) and 50 million of future lost profits if my patent is not processed and product put on the market." Id. (Doc. No. 1, at 4.) Mr. Berger and Technosystems filed a Motion to Dismiss the complaint on May 17, 2006. Substituting ISC for Mr. Berger, Judge Aldrich then dismissed all negligence claims against ISC as time-barred. Moreover, she determined that Technosystems had not "performed any actions or initiated any contacts with Ohio that would result in either general or specific personal jurisdiction." Id. (Doc. No. 16, at 2-3.) As a result, Technosystems was dismissed as a party defendant based on a lack of personal jurisdiction. Six days later, Ms. Curry's Motion for an Extension of the Deadline for Expert Discovery was granted. Judge Aldrich further advised Ms. Curry "that failure to timely produce an expert report by June 22, 2007, shall be grounds for sanction by this court under Rule 37(b)(2), up to and including dismissal of the sole remaining claim with prejudice." Id. (Doc. No. 32, at 2.)

On August 16, 2007, Judge Aldrich issued a Memorandum Order granting a Motion to Dismiss filed by Mr. Mackenzie. The ruling dismissed Ms. Curry's sole remaining claim with prejudice. This encompassed her allegation of legal malpractice against Mr. Mackenzie. Ms. Curry appealed the dismissal of her complaint to the Sixth Circuit. The appeal was dismissed on June 18, 2008, however, for want of prosecution.

The facts, relevant parties and claims presented in the 2005 complaint are identical to the complaint before this court. In both complaints, Ms. Curry argues that it should not have taken more than two years to process her patent. The only distinction between the two complaints is that, in her first, she asserted it had been ten years and her patent had still not been processed. Id. (Doc. No. 1, at 3.)

The doctrine of res judicata promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). Under res judicata, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 197 (6th Cir.1987).

To dismiss a claim on res judicata grounds, four conditions must be met: 1) a final decision on the merits in the first action by a court of competent jurisdiction, 2) the subsequent civil action is between the same parties as the first action; 3) an issue or claim in the subsequent action was litigated or should have been litigated in the prior action; and 4) an identity of the causes of action. See, e.g., Hamilton's Bogarts, Inc. v. State of Michigan, 501 F.3d 644, 650 n. 4 (6th Cir.2007). Res judicata may be used as an affirmative defense, but this court is also empowered to raise the issue sua sponte. See United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980); Holloway Const. Co. v. U.S. Dept. of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989).

Judge Aldrich dismissed Ms. Curry's complaint on the merits in 2007. She specifically addressed all relevant factors to determine whether grounds existed to dismiss Ms. Curry's

-4-

complaint on the merits for failing to timely produce an expert report. Because Ohio law requires expert testimony to establish professional standards of performance, Judge Aldrich identified this testimony as a necessary element of Ms. Curry's claim. Having willfully failed to satisfy that element, after the court explicitly advised Ms. Curry that such an expert report would be required, Judge Aldrich dismissed the complaint with prejudice.

Ms. Curry's complaint before this court is, as was the first, against Martin Berger, Technosystems, and Douglas Mackenzie.[3] She revives the argument that her patent was not processed in a timely manner. Even generously construing this complaint to include some negligence claim regarding the defendants' role in the Patent Office issuing a Notice of Abandonment - - - that notice is over five years old.[4] Moreover, the Notice was dated April 12, 2007, or more than four months before Judge Aldrich dismissed Ms. Curry's case. There are no facts alleging Ms. Curry was prohibited from raising such a claim in her first complaint. Res judicata, however, now precludes her from refiling this action against Martin Berger, Technosystems, Douglas MacKenzie, IntroMark and Universal Finance Corporation when she could have raised this issue in the previous lawsuit.

The same operative facts outlined in the first complaint are restated in the complaint before this court. Here, "the same transaction or connected series of transactions is at issue, . . . the same evidence is needed to support both claims, and . . . facts essential to the second were present in the first." Prime Mgmt. Co. v. Steinegger, 904 F.2d 811, 816 (2d Cir.1990) (quoting N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir.1983)). All elements necessary to dismiss a complaint based on res judicata have been met. Accordingly, Judge Aldrich's final judgment on the merits of Ms. Curry's prior action "bars relitigation between the same parties or their privies on

---

[3] Ms. Curry has not explained why IntroMark or Universal Finance are relevant party defendants.

[4] As Ms. Curry is aware from the dismissal of her negligence claims in the first complaint, see 1:05cv3000 (Doc. No. 16, at 3), a four-year statute of limitation applies to general negligence claims under Ohio law. OHIO REV. CODE ANN. §2305.09(D).

issues that were or could have been raised in that action." Kremer, 456 U.S. at 467 n. 6.

*Conclusion*

Based on the foregoing, the complaint is dismissed based on res judicata. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 11/27/12*

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.